# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                              Case No. 08-10033-DHW
                                                                   Chapter 13

CALVIN D. GRIFFIN,

    Debtor.

## MEMORANDUM OPINION

Before the court is the Alabama Department of Human Resources' ("DHR") objection, as amended, to confirmation of Calvin D. Griffin's ("debtor") chapter 13 plan (Doc. #30). At issue is whether DHR's priority claim, which represents two domestic support obligations, may be paid over a term extending beyond the term of the plan but pursuant to state court orders establishing repayment rates. Upon consideration of the undisputed facts, the law, and the respective briefs of the parties, the court finds that DHR's claim must be paid in full during the term of the plan. Therefore, the objection to confirmation must be sustained.

## Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring jurisdiction of title 11 cases to the Bankruptcy Court. Further, because the dispute involves the confirmation of a plan, this is a core proceeding wherein this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

## Undisputed Facts

The debtor owes prepetition domestic support obligations to Joanna Mullins and Pamela Pouncey which are being collected by DHR. DHR filed priority claims for the arrearages owed to each. DHR filed a claim in the amount of $7,915.54 representing the support obligation owed to Joanna

Mullins. All but $165 of this claim has priority under § 507(a)(1)(A).[1] In addition, the debtor has an ongoing support obligation to Ms. Mullins of $295.00 per month.

DHR filed a claim under § 507(a)(1)(A) in the amount of $6,918.40 representing the support obligation owed to Pamela Pouncey. The debtor has no current, ongoing support obligation to Ms. Pouncey.

The debtor's plan provides for payment of $320.00 each month directly to DHR on the Mullins claim. That amount is the sum of $295.00 for the ongoing support obligation and $25.00 for the $7,915.54 arrearage claim. At this rate, the arrearage portion of the claim will be paid over a term of 26 years. Further, it is noted that in an order entered prior to the debtor's bankruptcy petition, the District Court of Dale County, Alabama ordered the debtor to pay his support arrearage at the rate of $20.00 per month. At the time of the court's order, however, the arrearage stood at only $1,030.00.

Similarly, the debtor's plan provides for payment of $43.33 each month directly to DHR on the Pouncey claim of $6,918.40. At that rate, the claim will be paid over a term of over 13 years. Unlike the arrearage claim of Ms. Mullins, the record is not clear regarding which state court fixed the repayment rate at $43.33 per month. What is clear is that at the time the repayment rate was fixed, the arrearage stood at $5,385.19.

The default to both Mullins and Pouncey deepened prepetition. After the state courts fixed a cure rate for these support arrearages, the debtor further defaulted to the tune of $6,885.54 in the Mullins case and $1,533.21 in the Pouncey case.

The debtor's plan provides for payment in full of a priority claim of the

---

[1] DHR denominated $165 as priority under § 507(a)(1)(B) because DHR filed that portion of the claim not on behalf of Mullins but rather as the assignee of Mullins. Potentially, § 507(a)(1)(B) claims can be paid less than in full in a chapter 13 case provided that the debtor devotes all projected disposable income to the plan for a five-year period. *See* § 1322(a)(4). The debtor, however, has not proposed to treat this portion of the claim separately, and the amount is *de minimis*. For purposes of this opinion, the court will treat the entire claim as arising under § 507(a)(1)(A).

Internal Revenue Service for $471.03 at the rate of $10 per month. General unsecured creditors will be paid a pro rata dividend from a $791 pot. This represents about a 3.6% dividend to general unsecured creditors.

## Conclusions of Law

The parties do not dispute that DHR's claims on behalf of Mullins and Pouncey represent domestic support obligations as defined by 11 U.S.C. § 101(14A). Such obligations enjoy first priority status among unsecured creditors. The Bankruptcy Code provides:

> (a) The following expenses and claims have priority in the following order:
>   (1) First:
>     (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable nonbankruptcy law.

11 U.S.C. § 507(a)(1)(A).

A priority claim, absent the creditor's consent, must be paid in full. The Bankruptcy Code requires a chapter 13 plan to

> provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

11 U.S.C. § 1322(a)(2).

Although § 1322(a)(2) is clear that a priority claim must be paid in full, it is silent as to whether that claim must be paid in full during the term of the plan. Such treatment, however, is implied. A noted treatise states: "The phrase 'full payment' is not specifically defined in § 1322(a)(2) or anywhere else in the Code. Intuitively, it conveys that the plan must pay the entire amount of any priority claim." 2 Keith M. Lundin, *Chapter 13 Bankruptcy*, § 98.1, at 98-1 (3d ed. Supp. 2004). The Bankruptcy Court for the Southern District of Alabama concluded "that a debtor must pay any child support arrearage in full during the life of his or her chapter 13 plan unless DHR agrees to different treatment." *In re Colston*, Case No. 07-10746 (Bankr. S.D. Ala. Aug. 23, 2007). This court finds that decision persuasive and reaches the same conclusion.

Even if the court held to the contrary, the court would nevertheless sustain DHR's objection in this case because the cure rates fixed by the state court orders have been rendered irrelevant by the growing arrearages. In the case of Mullins, when the state court fixed the $20.00 per month cure rate, the arrearage stood at only $1,030.00. From the time of that order until the time of bankruptcy, the arrearage soared to almost $8,000.00. Clearly, the $20.00 cure rate fixed by the state court was based upon the lower arrearage amount. The debtor cannot bootstrap the $20.00 per month cure to the higher arrearage amount.

A similar situation exists with respect to the Pouncey claim. At the time that the state court fixed an arrearage cure of $43.33 per month, the arrearage totaled $5,385.19. By the time the bankruptcy petition was filed, the arrearage had increased by $1,533.21 to a total of $6,918.40.

Therefore, only a portion of the claims are governed by state court orders. However, the debtor has not made this distinction in his treatment of the claims.

**Conclusion**

For these reasons, the court finds that DHR's objection to confirmation of the debtor's chapter 13 plan must be sustained. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order will enter sustaining the objection, denying confirmation of the debtor's plan, and ordering the chapter 13 case dismissed within a specified time if the debtor does not amend the plan in conformity with this memorandum opinion.

Done this the 30th day of May, 2008.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c:  Debtor
   Michael D. Brock, Debtor's Attorney
   Jeffrey C. Walker, Debtor's Attorney
   Melanie G. Hinson, DHR's Attorney
   Curtis C. Reding, Chapter 13 Trustee